IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION


HUDSON LYNN EDGET, # 13856                                              PLAINTIFF

VERSUS                                           CIVIL ACTION NO. 3:14cv548-DPJ-FKB

MISSISSIPPI DEPARTMENT OF
CORRECTIONS, MANAGEMENT
TRAINING CORPORATION, SERGEANT
PULLYUMS, OFFICER JOHNSON,
OFFICER BATTLE, and OFFICER SCOTT                                      DEFENDANTS

### ORDER DISMISSING MDOC

This *pro se* prisoner case is before the Court, *sua sponte*, for consideration of partial dismissal. Plaintiff Hudson Lynn Edget is incarcerated with the Mississippi Department of Corrections ("MDOC"). He filed this excessive-force action on July 15, 2014. The Court has considered and liberally construed the pleadings. As set forth below, Defendant MDOC is dismissed.

**I.     Discussion**

Edget alleges that he was raped by four guards at East Mississippi Correctional Facility. Among others, he sues MDOC, and he seeks damages.

The Prison Litigation Reform Act of 1996 applies to prisoners proceeding *in forma pauperis* in this Court. One of the provisions reads, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual

power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[I]n an action proceeding under [28 U.S.C. § 1915, a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* The Court has permitted Edget to proceed *in forma pauperis* in this action. His Complaint is subject to *sua sponte* dismissal under § 1915.

Edget brings claims for damages, based on the alleged attack, against MDOC under 42 U.S.C. § 1983 and state law.

Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

42 U.S.C. § 1983. The State of Mississippi is not amenable to suit under this statute, because "a State is not a person within the meaning of § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989). This holding likewise applies to "any governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes." *Id.* at 70. MDOC is considered an arm of the State of Mississippi. Miss. Code Ann. § 47-5-1; *Scott v. Miss. Dep't of Corrs.*, No. 2:05cv2159-KS-JMR, 2006 U.S. Dist. LEXIS 43683 at *2 (S.D. Miss. June 12, 2006). Therefore, the § 1983 claims against MDOC are dismissed.

To the extent MDOC is sued under the Mississippi Tort Claims Act, the Act does not waive the State's Eleventh Amendment immunity "from suit in federal court." Miss. Code Ann. § 11-46-5(4). Therefore, the state law claims against MDOC are dismissed as well.

## II.     Conclusion

MDOC is dismissed. MDOC is not a § 1983 "person" and is immune from suit in federal court on the state law claims.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, the 42 U.S.C. § 1983 claims against Defendant Mississippi Department of Corrections should be and are hereby **DISMISSED WITH PREJUDICE**. The State law claims against MDOC are **DISMISSED WITHOUT PREJUDICE**. The remainder of the case shall proceed.

**SO ORDERED AND ADJUDGED** this the 21st day of August, 2014.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE